UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>WALTER EUGENE POWELL,<br><br>Defendant. | Criminal Action No. 5: 19-069-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Walter Powell is charged with conspiring to possess with intent to distribute fentanyl and cocaine base and possessing with intent to distribute fentanyl and cocaine base. [Record No. 29] Powell filed a motion to suppress evidence seized from a room at the Microtel Inn in Lexington, Kentucky, which led to these charges. [Record No. 24] The motion was referred to United States Magistrate Judge Matthew A. Stinnett for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stinnett conducted an evidentiary hearing and issued a Report and Recommendation on June 21, 2019, concluding that the Court should deny the defendant's motion. [Record No. 42] Thereafter, Powell filed objections to the Report and Recommendation. [Record No. 43]

After careful review of the matter, the Court concludes that the motion to suppress should be denied.

**I.**

On January 25, 2019, a Microtel laundry worker complained to assistant manager Eugene Zita regarding the odor of marijuana coming from room #122. [Record No. 41, p. 47]

Zita checked the hallway and observed an "extremely strong" odor of marijuana outside of room #122. Microtel has a strict non-smoking policy, so Zita elected to evict the occupant. *Id.* at p. 49. She knocked on the door, but no one answered. *Id.* at p. 47. Noting that the smell of marijuana was "very strong" and fearing there might be dangerous individuals inside, Zita decided to call the Lexington Police Department for assistance with the eviction. *Id.*

Lexington Police Officers Johnson and Hogan arrived at the Microtel and contacted Zita, who was busy with customers at the front desk. *Id.* at p. 7. Zita pointed the officers toward room #122. The officers arrived at the room and knocked, but there was no response. *Id.* at p. 8. When officers returned to the front desk, Zita advised that she wanted to evict the occupant of room #122. *Id.* at p. 9. Zita produced a master key and she and the officers returned to the room.

After knocking and announcing herself as hotel staff, Zita opened the door using the master key. *Id.* at pp. 10, 53. Officers Johnson and Hogan performed a brief protective sweep of the room and, after confirming that no one was present, stepped back into the hallway. The officers remained in the hall or doorway while Zita began clearing out the occupant's belongings. Zita explained that she needed evidence of smoking in the room so that Microtel could assess a $250.00 penalty. *Id.* at pp. 48, 51-52.

Zita opened the refrigerator during her inspection of the room and found a container inside. *Id.* p. 58. She apparently saw or suspected that it contained contraband because she asked the officers: "Can you look or can I take it out?" *Id.* at p. 57. The officers, still standing in the doorway of the room, advised Zita that she could take it out. *Id*. at pp. 13, 70. Zita removed the container from the refrigerator and gave it to the officers. *Id.* at p. 71. It contained a powdery substance which, according to Officer Johnson, tested positive for fentanyl and

cocaine base. *Id.* at p. 15. Defendant Powell was arrested when he returned to the Microtel later that day.

## II.

The magistrate judge determined that Powell does not have standing to challenge the alleged search because he had been evicted. As he noted, a hotel guest does not have a legitimate expectation of privacy in his room once his rental period has been lawfully terminated. [Record No. 42, p. 4 (*United States v. Spicer*, 549 F. App'x 373, 377 (6th Cir. 2013))]. But Powell maintains that he has standing to challenge the "search" because he was never evicted.

"A hotel may lawfully terminate a guest's occupancy for unauthorized activity, including possession of illegal drugs." *Spicer*, 549 F. App'x at 376. *See also Raider v. Dixie Inn*, 248 S.W. 229, 229-230 (Ky. 1923) (innkeeper may exclude individuals whose conduct annoys or endangers others). Powell suggests that he had not been evicted because he had not been advised of the hotel's decision. However, "[a] hotel terminates a guest's occupancy by taking justifiable affirmative steps to repossess [a] room . . . and to assert dominion and control over it." *Spicer*, 549 F. App'x at 376.

Powell relies on the non-binding decisions in *United States v. Young*, 573 F.3d 711 (9th Cir. 2009), and *United States v. Bautista*, 362 F.3d 584, 590 (9th Cir. 2004), in opposing the magistrate judge's conclusion. But these cases do not help Powell, as they are factually dissimilar to the instant case and affirm that hotel guests do not have a reasonable expectation of privacy once their occupancy has been lawfully terminated. In *Young*, hotel security staff entered the defendant's room while he was not present to investigate a theft complaint. Once inside, they found a firearm and checkbooks belonging to others. Security staff then placed

Young's room on "electronic lockout" so that he could not re-enter the room. Staff members informed a police officer of their suspicions, and the officer detained Young on the hotel premises. The officer accompanied staff to Young's room and waited in the hallway while they searched. However, the officer observed a firearm in plain sight, and he entered the room and seized the firearm and other items.

The Ninth Circuit determined that Young had a legitimate privacy interest in his room because he was still the lawful occupant when the police officer entered it. The court concluded that the hotel had not taken affirmative steps to evict Young. Additionally, the Court noted that Young was never informed of the hotel's policies regarding guns in rooms and guests suspected of committing crimes. 573 F.3d at 715.

*Bautista* also involved police officers searching a motel room. During Bautista's stay, his travel booking company advised the hotel manager that the credit card used to book the room was stolen. The hotel manager called the police "to find out what was going on with [the defendant] and the credit card." 362 F.3d at 587. If Bautista could not "explain the credit card situation," the manager was prepared to evict him unless he could make other payment arrangements. *Id.*

It appeared that Bautista had left by the time officers arrived at his room. Officers unlocked the door with a pass key provided by the manager. Bautista's wife was inside and gave the officers permission to search for contraband. The officers found evidence of a counterfeit currency operation, and subsequently located and arrested Bautista. The Ninth Circuit concluded that Mrs. Bautista's consent to the search was invalid. *Id.* at 591-92. And because Bautista's occupancy had not been lawfully terminated before the police search, he retained a reasonable expectation of privacy in his room. *Id.* at 589-90.

These cases are distinguishable in important ways. First, Zita took sufficient steps to evict Powell from his room for violating the no-smoking policy. More specifically, she investigated the smell of marijuana, called police for assistance with the eviction, entered the room using a master key, and began removing Powell's belongings. And unlike the Ninth Circuit cases, police officers did not search Powell's room. Testimony from the hearing conducted by Magistrate Judge Stinnett establishes that the officers were present only to assist Zita while she evicted Powell.

### III.

The Court also agrees with the magistrate judge's alternative conclusion that no search occurred. Evidence presented during the hearing establishes that Zita's actions were in furtherance of her duties—not as an agent of the police. Zita explained that she could evict Powell based on the smell of marijuana alone, but she needed evidence of smoking to charge a penalty. She reported having followed her usual procedure in clearing the room, which included looking in the refrigerator and microwave. Zita removed the container from the refrigerator on her own volition, as it could have contained evidence of smoking. [Record No. 41, pp. 51-52]

Powell contends that police supervision of Zita's inspection of the room was unnecessary. However, the officers' presence for the purpose of protecting Zita's safety was reasonable. Officer Johnson testified that he has assisted during numerous hotel evictions and that the individuals being evicted often get upset. *Id.* at p. 10. Although the room was unoccupied when the officers arrived, the occupant could have returned at any time, presenting a risk of harm to Zita. Finally, and contrary to Powell's suggestion, there is nothing to indicate that the officers told Zita to search the room or that they directed her actions in any way.

**IV.**

In summary, it is undisputed that the odor of marijuana was emanating from Powell's room and that smoking is not permitted at the Microtel where Powell was staying. Zita lawfully elected to evict Powell and followed her typical procedure in carrying out the eviction. As the magistrate judge concluded, Zita's discovery of the narcotics -- and turning them over to police -- was completely incidental to the lawful eviction.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Report and Recommendation [Record No. 42] is **ADOPTED** and **INCORPORATED**, in full.

2. Defendant Powell's motion to suppress [Record No. 24] is **DENIED**.

Dated: July 8, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge