UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 19-069-DCR |
| V. | ) ) | |
| WALTER EUGENE POWELL, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 30, 2019, Defendant Walter Powell pleaded guilty to possessing with the intent to distribute fentanyl. [Record No. 87] He is scheduled to be sentenced on December 13, 2019. The Presentence Investigation Report ("PSR") assigns Powell a Total Offense Level of 31 and places him in Criminal History Category of VI under the applicable United States Sentencing Guidelines, resulting in an advisory guidelines range of 188 to 235 months' imprisonment. The statutory minimum term of imprisonment for Powell's conviction is five years and the maximum is forty years, pursuant to 21 U.S.C. § 841(b)(1)(B).

In calculating Powell's Total Offense Level and Criminal History Category, the probation officer classified Powell as a Career Offender under section 4B1.1 of the 2018 United States Sentencing Guidelines Manual ("USSG"). Under that section, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has

at least two prior felony convictions of either a crime of violence or a controlled substance offense." Powell contends that his criminal history does not satisfy the third prong.

Section 4B1.2 defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The commentary to this section provides that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such crimes." § 4B1.2 cmt. 1.

Powell was convicted of controlled substance delivery/manufacture (cocaine or other narcotic), less than 50 grams, in Michigan state court in March 2010. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv) (punishable by up to 20 years' imprisonment). He was sentenced 36 months' probation; however, his probation was later revoked and he was committed to county jail for one year, with 17 days' credit for time served. Powell was convicted of the same offense in the same court (except this time, cocaine and heroin were involved) in February 2013. He was sentenced to 18 months' imprisonment and received 113 days' credit for time served.[1]

Powell argues that the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), precludes application of the career-offender enhancement under §

---

[1] Powell also was convicted of controlled substance delivery/manufacture in 2001 and 2008, and frequenting a drug house in 2008, but the PSR assigned zero criminal history points for these convictions.

4B1.1  Jeffery Havis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A person convicted under § 922(g)(1) begins with a base offense level of 14 under the sentencing guidelines, but the level increases to 20 if the defendant has a prior conviction for a "controlled substance offense." *See* U.S.S.G. §2K2.1. Havis received the six-level increase based on a previous Tennessee conviction for selling/delivering cocaine. *See* Tenn. Code. Ann. § 39-17-417(a)(2)-(3). Havis' charging documents did not specify whether his conviction was for sale, delivery, or both. Accordingly, the court employed the categorial approach and looked to the least of the acts criminalized by the elements of the statute. *Havis*, 927 F.3d at 384.

Under Tennessee law, "delivery" of drugs means "the actual, constructive, or attempted transfer from one person to another of a controlled substance." § 39-17-402(6). The parties agreed that the least culpable conduct covered by the statute was the attempted delivery of a controlled substance. *Havis*, 927 F.3d at 385. Therefore, Havis argued that his conviction was not a controlled substance offense within the meaning of section 4B1.2 of the guidelines because it encompassed the mere attempt to sell cocaine. The Sixth Circuit agreed.

In reaching this conclusion, the Sixth Circuit focused on the language of the guideline provision, its commentary, and the role of the United States Sentencing Commission. *Id*. Ultimately, the court observed that the commentary has "no independent legal force" and "serves only to interpret the Guidelines' text, not to replace or modify it." *Id.* at 386. Since "attempt" was not included in the text of § 4B1.2, the commentary impermissibly broadened the definition of "controlled substance offense." *Id.* at 386-87.

Powell relies on this decision in support of his argument that § 4B1.1 does not apply to him. Powell is correct that the Michigan statutes under which he was convicted are

substantially similar to the Tennessee statutes at issue in *Havis*. Michigan Compiled Statute § 333.7401 provides, in relevant part, that "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance." "Deliver" or "delivery" is defined as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." Mich. Comp. Laws § 333.7105(1).

The Court's acceptance of Powell's superficial reading of *Havis* would produce a straightforward ruling in his favor. However, the government's response to Powell's objection provides a more nuanced, commonsense resolution of this issue. [Record No. 103] The United States Attorney sought en banc reconsideration in *Havis*, which was denied. But Judge Sutton authored a concurring opinion explaining why Havis' prior conviction very well could have fallen within the guidelines definition of "controlled substance offense." *United States v. Havis*, 929 F.3d 317 (6th Cir. 2019) (Mem.).

Judge Sutton focused on the relevant statutory definitions and the distinctions between completed and attempted offenses. The Controlled Substances Act makes it unlawful to "manufacture, distribute, or dispense" certain drugs. 21 U.S.C. 841(a)(1). The Act defines "distribute" as "to deliver." 21 U.S.C. § 802(11). "Deliver" is defined as "the actual, constructive, or *attempted* transfer" of a controlled substance. § 802(8) (emphasis added). Accordingly, as Judge Sutton correctly noted, an individual can complete the offense of distributing drugs by attempting to transfer drugs. "This does not make the crime of conviction under § 841 an *attempted* distribution. Instead, [21 U.S.C. § 846] criminalizes attempted drug offenses, such as attempted distribution." *Havis*, 929 F.3d at 319. "The two constitute distinct

- 4 -

offenses, one greater and one lesser, one complete and one attempted." *Havis*, 929 F.3d at 319 (citing *Costco v. United States*, 904 F.2d 344, 348 (6th Cir. 1990)).

The guidelines do not define distribution, and Judge Sutton saw no reason to give the term a different meaning from the definition provided in the Controlled Substances Act. *Id.* As relevant here, Michigan law parallels federal law and Tennessee law in that the completed offense of delivery is defined as "the actual, constructive, or attempted transfer . . . of a controlled substance." *See* Mich. Comp. Law §§ 333.7401, 333.7105(1). And, just like federal law (and Tennessee law in *Havis*), Michigan law separately criminalizes attempting to violate the drug laws. *See* Mich. Comp. Law § 750.92.

As Judge Sutton pointed out previously, it would be bizarre if an offense that violated the primary provision of the Controlled Substances Act turned out not to be a controlled substance offense under the guidelines. *Havis*, 929 F.3d at 320. Notwithstanding the Sixth Circuit's invalidation of the commentary to U.S.S.G. § 4B1.2 in *Havis*, 927 F.3d 382, Powell remains eligible for the career-offender enhancement under § 4B1.1. For these reasons, it is hereby

**ORDERED** that Defendant Powell's objection to the PSR concerning application of the career-offender enhancement under U.S.S.G. § 4B1.1 is **OVERRULED**.

Dated: December 5, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky