UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-00069-DCR-EBA-1

(Related Civil Action No. 5:22-CV-00092-DCR-EBA)

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.          **REPORT AND RECOMMENDATION**

WALTER EUGENE POWELL,                                                DEFENDANT.

*** *** *** ***

Walter Eugene Powell, a federal prisoner, brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. [R. 555]. The Court recognizes that Powell is proceeding *pro se* and construes his petition more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003). The petition having been fully briefed, this matter is now ripe for review.

**I. FACTS AND PROCEDURAL HISTORY**

On January 25, 2019, Microtel employee Eugene Zita called police for assistance evicting a guest, following complaints of marijuana smoke emanating from a room rented by Walter Powell. [R. 41 at pg. 7]. After officers arrived, Zita entered and proceeded to remove Powell's belongings. During the eviction, she found a suspicious bag which was later determined to contain fentanyl and cocaine. [*Id.* at pg. 15]. Zita called Powell and told him that he needed to return to the room. Upon his return, police arrested Powell and discovered an additional quantity of fentanyl on his person when he arrived at jail. Powell was indicted by a grand jury on April 4, 2019 on two felony charges, including possession with intent to distribute fentanyl in violation of 21 U.S.C.

§ 841(a)(1); and possession with intent to distribute a substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). [R. 1]. Shortly after his arraignment, Powell filed a Motion to Suppress, arguing that his rights under the Fourth Amendment were violated when Zita searched his room. [R. 24]. The Magistrate Judge recommended denial of Powell's Motion to Suppress. [R. 42]. The District Judge adopted the Magistrate Judge's Report and Recommendation and denied the Motion to Suppress. [R. 44]. Then, on August 1, 2019, a grand jury issued a Second Superseding Indictment, adding three additional counts relating to possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1). [R. 59].

On August 30, 2019, Powell pled guilty to Count 2 of the Second Superseding Indictment, which charged him with possession with intent to distribute 40 or more grams of a substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1). [R. 87]. Over his objections, the Court classified Powell as a career offender and entered a judgment sentencing him to imprisonment for 210 months with five years of supervised release to follow. [R. 108].

On appeal, the Sixth Circuit affirmed the district court's denial of the Motion to Suppress and Powell's sentence. Powell then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on March 29, 2021. [R. 123 & 124]. Powell filed the instant § 2255 petition on April 4, 2022, arguing claims of ineffective assistance of counsel and violations of his Fourth and Fourteenth Amendment rights. [R. 128].[1] Therein, Powell also requested an Evidentiary Hearing. [*Id.* at pg. 23]. The United States responded, arguing that Powell's petition should be denied because: (1) it is time-barred as it was not filed within one year of the judgment becoming final; (2) Powell's claims that he received ineffective assistance of counsel are not

---

[1] Powell's § 2255 petition was docketed on April 8, 2022. However, a *pro se* prisoner's complaint is considered timely filed when it is received by prison officials for mailing to the Court. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)). The envelope containing Powell's petition was marked "received" on April 4, 2022. [R. 128-1 at pg. 2].

meritorious; and (3) Powell's allegations of constitutional violations are barred by the waiver contained in his plea agreement. [R. 134]. Powell replied in support of his petition. [R. 137].

## II. LEGAL STANDARD

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. A prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process. *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## III. ANALYSIS

### A. Statute of Limitations

The United States argues that Powell's petition should be dismissed as untimely because it was filed after the expiration of the statute of limitations for § 2255 petitions. [R. 134]. Title 28 U.S.C. § 2255 prescribes a one-year statute of limitations within which one may file a federal petition for writ of habeas corpus. In this case, the applicable provision provides that the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2255(f)(1).

The Sixth Circuit has held that, "[a]s a general matter, convictions become final upon the conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). In the context of seeking postconviction relief, "[f]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). In *Clay*, the Supreme Court reversed the Seventh Circuit's judgment that the defendant's § 2255 petition was time-barred. There, the defendant had filed the petition one-year and sixty-nine days after the Court of Appeals entered its judgment. The Court reasoned that, because the petition was filed within one year from the date that defendant's time to file a petition for a writ of certiorari expired (or, one year and ninety days), the petition was timely. *Id.* at 532. By the same reasoning, the Court determined that a habeas petition filed within one year of the Court denying a defendant's petition for a writ of certiorari would likewise be timely. *Id.*

Prior to filing the instant petition, Powell sought review before both the Sixth Circuit and the United States Supreme Court. [R. 123 & 124]. Thus, the District Court's judgment became final for postconviction relief purposes when the Supreme Court denied Powell's petition for a writ of certiorari on March 29, 2021. *Clay*, 537 U.S. at 527. The one-year statute of limitations, correspondingly, began to run on March 29, 2021. *Id.* As a result, the one-year statute of limitations expired on March 29, 2022—one year after the Supreme Court denied Powell's certiorari petition. *Id.* The record indicates that Powell filed his § 2255 petition on April 4, 2022, six days after the expiration of the statute of limitations, making the petition untimely. Accordingly, the Court must consider whether his time to file a petition should be tolled.

**B. Equitable Tolling**

The one-year statute of limitation provided by 28 U.S.C. § 2255 is subject to equitable

tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Equitable tolling allows the Court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). However, equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner bearing the "ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, the United States asserted a statute of limitations defense in its Response. Thus, the burden shifted to Powell to demonstrate that he was entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (considering a litigants burden to prove equitable tolling only after the government asserted that the petition was time-barred). Powell's petition neither acknowledges the apparent untimeliness of his petition nor offers any argument for why the Court should employ the doctrine of equitable tolling. The petition contains boilerplate language regarding the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 to this matter and accurately describes the one-year statute of limitations period running from the date a judgment becomes final. [R. 128 at pg. 18]. The following three pages, however, contain what appear to be notices produced by his detention facility describing various impacts on prison operations (hereinafter, "Notices"). [*Id.* at pg. 19–21].

The first Notice Powell enclosed, titled "FCI Terre Haute Inmate Bulletin," indicated that the institution was to be secured for a period of fourteen days to prevent the spread of COVID-19

beginning November 10, 2021.  [*Id.* at pg. 21].  The operational changes included turning off "[a]ll phones and computers," increased regulation of shower usage for sanitation purposes, and temporary closure of the institution's commissary.  [*Id.*].  The second Notice, titled "NOTICE TO THE INMATE POPULATION," describes that, effective January 31, 2022, inmates were secured in their cells for "precautionary reasons" and that safety measures were "necessary . . . to maintain the secure and orderly running" of the institution.  [*Id.* at pg. 19].  The third Notice, titled "FCI Terre Haute Inmate Bulletin," describes "[e]nhanced [m]odified [o]perations" for a period of fourteen days beginning January 18, 2022 due to an increase in COVID-19 cases.  [*Id.* at pg. 20].  The operational modifications, according to the notice, included securing the inmates, turning off "[a]ll phones and computers," and increased regulation of showering for sanitation purposes.  [*Id.*].

While Powell's prompt appeal to the Sixth Circuit and petition for a writ of certiorari to the Supreme Court exhibit some diligence in pursuit of his rights, Powell's petition is devoid of any extraordinary circumstance which prevent a timely filing of the petition.  However, after the United States raised the specter of the untimeliness of his petition,  Powell replied that he "considered his 2255 motion to be timely, since he sent several memos from his current institution related to COVID related lockdown(s)."  [R. 137 at pg. 1].  The "memos," this Court concludes, are the Notices included in his petition.

Certainly, some of the operational changes described in the Notices (such as those pertaining to isolation and access to computers) could have impacted Powell's ability to prepare his petition.  Several district courts in this circuit have recognized that the impact of COVID-19 on prison operations "may constitute an extraordinary circumstance for purposes of equitable tolling under certain circumstances." *Camelin v. Warden*, No. 2:21-CV-4070, 22 U.S. Dist. LEXIS 40328, at *16 (S.D. Ohio Mar. 8, 2022) (internal quotation omitted); *see also Hager v. Warden*, No. 2:21-cv-2472, 2021 U.S. Dist. LEXIS 105024 (S.D. Ohio June 4, 2021) ("The COVID-19

pandemic may qualify as an extraordinary circumstance justifying equitable tolling of the statute of limitations."); *Chapman-Sexton v. United States*, No. 2:20-CV-3661, 2021 U.S. Dist. LEXIS 16026 (S.D. Ohio Jan. 28, 2021); *Taylor v. Valentine*, No. 5:20cv0139-TBR, 2021 U.S. Dist. LEXIS 42735, at *2 (W.D. Ky. Mar. 8, 2021). However, "general allegations of placement in segregation and lack of access to legal materials" alone do not rise to the level of warranting equitable tolling, especially when the petitioner fails to explain why those circumstances prevented him from timely filing his petition. *Chapman-Sexton*, 2021 U.S. Dist. LEXIS 16026, at *10 (quoting *Andrews v. United States*, Case No. 17-1693, 2017 U.S. App. LEXIS 28295, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017)).

Here, Powell did not request equitable tolling of the statute of limitations. Powell's petition also failed to make any causal link between the untimeliness of his petition and the Notices enclosed in the petition. Even if Powell had made the request for equitable tolling, his petition makes no effort to explain how the prison operational changes prevented him from filing a timely petition. Notably, the Notices only describe operational disruptions occurring between November 2021 and January 2022. Neither Powell's petition nor Reply attempt to explain what circumstances, if any, prevented him from preparing his petition in the months preceding or following the operational interruptions. Although the Court is required to construe Powell's petition and accompanying papers leniently, its mandate "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)). The Court cannot identify an extraordinary circumstance which prevented Powell from timely filing his § 2255 petition. Thus, equitable tolling shall not apply, and Powell's petition remains untimely.

### C. Motion for Evidentiary Hearing

Powell also moves for an evidentiary hearing. [R. 128]. In § 2255 proceedings, an

evidentiary hearing is required unless "the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). For the reasons enumerated herein, the record conclusively shows that Powell is not entitled to relief because his petition is time-barred. Accordingly, the undersigned recommends that Powell's motion for an evidentiary hearing be denied.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 Fed. App'x 771, 774 (6th Cir. 2005).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, Powell failed to comply with the statute of limitations and reasonable jurists would not debate the dismissal of Powell's § 2255 petition as untimely. Therefore, this Court recommends that the District Court deny a Certificate of Appealability.

## V. CONCLUSION

Upon review of the record and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, **IT IS RECOMMENDED** that:

1. Powell's § 2255 petition be **DISMISSED WITH PREJUDICE**;

2. Powell's motion for an Evidentiary Hearing be **DENIED**; and

3. A Certificate of Appealability be **DENIED** as to all issues raised, should Powell so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed July 13, 2022.


Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge