UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 19-069-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-092-DCR |
| ) | |
| WALTER EUGENE POWELL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Walter Eugene Powell has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 128] As grounds for the motion, he contends that his counsel was ineffective and that his Fourth and Fourteenth Amendment rights were violated. The motion was referred to United States Magistrate Judge Edward B. Atkins for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the matter, Magistrate Judge Atkins recommended that Powell's motion be denied as untimely.

This Court makes a *de novo* determination of those portions of the recommendation for which there are objections, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Powell did not submit any timely objections to the magistrate judge's Report and Recommendation.

Upon separate review of the record, the Court agrees with Magistrate Judge Atkins that Powell's motion is untimely and no grounds for equitable tolling apply. Accordingly, Powell's motion for collateral relief will be denied.

## I.

Powell pleaded guilty to one count of possessing with the intent to distribute 40 grams or more of a mixture or substance containing fentanyl in violation of 21 U.S.C. § 841(a). [Record No. 108] He was sentenced to a 210-month term of imprisonment and a 5-year term of supervised release. [*Id.*] Powell timely appealed, but the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision. Thereafter, Powell filed a petition for a writ of certiorari. [Record No. 123] That petition was denied on March 29, 2021. [Record No. 124]

After exhausting his direct appeals, Powell filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging that his counsel was ineffective and that his Fourth and Fourteenth Amendment rights had been violated. [Record No. 128] Powell's motion was signed April 4, 2022; marked received April 4, 2022; and docketed by the clerk on April 8, 2022. [Record No. 128, 128-1] The United States responded, contending that Powell's motion was time-barred, his counsel was not ineffective, and the alleged violations of his constitutional rights were barred by the waiver in his plea agreement. After the United States raised the statute of limitations issue in its response, Powell replied stating that he "considered his 2255 motion to be timely, since he sent several memos from his current institution related to COVID related lockdown(s)." [Record No. 37, p. 1]

Magistrate Judge Atkins concluded in his Report and Recommendation that Powell's motion is barred by the one-year statute of limitations. [Record No. 139] As the Magistrate

Judge explained, Powell's motion was filed six days after the statute of limitations had expired. Magistrate Judge Atkins then considered whether any equitable tolling grounds should apply to excuse the untimely filing. He noted that Powell's motion did not address its untimeliness or include any potential grounds for equitable tolling. Magistrate Judge Atkins then concluded that, while COVID-19's impact on prison operations could constitute an extraordinary circumstance under some conditions, "general allegations of placement in segregation and lack of access to legal materials alone do not rise to the level of warranting equitable tolling." [Record No. 139, p. 7 (citing *Chapman-Sexton v. United States*, No. 2:20-CV-3661, 2021 U.S. Dist. LEXIS 16026, at *10 (S.D. Ohio Jan. 28, 2021).] The Magistrate Judge further explained that Powell did not request equitable tolling nor make any causal link between the untimeliness of the motion and the notices about COVID-19 procedures at his facility. Accordingly, he could not identify an extraordinary circumstance that would justify the application of equitable tolling and recommended that the motion be denied as untimely. As noted, Powell did not file any timely objections to the Report and Recommendation.

## II.

Petitioners may seek relief under 28 U.S.C. § 2255 within one year from the latest of four dates – here, it is from the date on which the conviction became final. 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for direct review has passed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Abela v. Martin*, 348 F.3d 164, 168 (6th Cir. 2004) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue

direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'--when this Court affirms a conviction on the merits or denies a petition for certiorari.").

Powell's judgment in this case became final on March 29, 2021 (i.e., the day Powell's petition for a writ of certiorari was denied). Thus, the one-year statute of limitations to seek collateral relief expired on March 29, 2022. However, Powell signed his § 2255 motion on April 4, 2022. The envelope containing Powell's petition was marked on the same date: six days after the one-year statute of limitations had expired.

However, a petitioner may file an untimely § 2255 motion if he can demonstrate that "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The second element of the equitable tolling test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States,* 136 S. Ct. 750, 756 (2016). The petitioner bears the burden of persuading the court that he is entitled to equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)). Further, equitable tolling is to be applied "sparingly." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Powell did not address the untimeliness of his motion until the United States raised the issue in its response. [Record No. 137] Powell stated that he "considered his § 2255 motion to be timely, since he sent several memos from his current institution related to COVID related

lockdown(s)." [Record No. 137] And he attached to his original § 2255 motion, two COVID-19 lockdown notices from November 2021 and January 2022, and January 31, 2022. [Record No. 128, pp. 19-21]

The undersigned agrees with the magistrate judge that, while some courts have concluded that the impact of COVID-19 on prison operations can in certain situations equate to an extraordinary circumstance justifying the application of equitable tolling, Powell has not show that the COVID-19 pandemic constitutes an extraordinary circumstance justifying the application of equitable tolling. Powell did not request equitable tolling and there is no causal link between the untimeliness of his motion, the COVID-19 pandemic, and the three notices he attached to his § 2255 motion. *See Camelin v. Warden*, No. 2:21-CV-4070, 2022 U.S. Dist. LEXIS 40328, *16-19 (S.D. Ohio Mar. 8, 2022) (collecting cases recognizing that the COVID-19 pandemic could constitute an extraordinary circumstance but that the petitioners failed to demonstrate "fact-specific circumstances related to the pandemic that specifically hindered [their] ability to file a habeas petition."). Powell fails to explain why he was unable to work on his motion prior to the COVID-19 lockdowns he cites. In summary, he has failed to demonstrate an extraordinary circumstance existed during the one-year period following denial of direct reliev by the Supreme Court that would warrant the application of equitable tolling.

### III.

Powell also requested an evidentiary hearing. However, the Court may deny a petitioner's § 2255 motion without a hearing if the record "conclusively shows that a defendant is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b). Here, the record conclusively shows that Powell is entitled to no relief

because his motion was untimely and no grounds for equitable tolling apply. As a result, Powell's request for an evidentiary hearing will be denied.

### IV.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The Court will not issue a Certificate of Appealability in this case because Powell's motion is untimely, and because he has not alleged any circumstances that would warrant the application of equitable tolling. Reasonable jurists would not find this Court's procedural determination fairly debatable.

Accordingly, it is hereby

**ORDERED** as follows:

1. The United States Magistrate Judge Edward B. Adkins Report and Recommendation [Record No. 139] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant Powell's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2225 [Record No. 128] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

- 7 -

3. A Certificate of Appealability will not issue.

4. Powell's request for an evidentiary hearing is **DENIED**.

Dated: August 4, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky